[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an appeal from the defendant's denial of the plaintiff's application to amend the zoning regulations to add provisions for the creation of a special exception district for a moderate income housing development for the plaintiff's property at 293 Green Hill Road Madison, pursuant to Public Act 89-311. The defendant filed an answer, admitting the hearing and decision but denying the jurisdiction under P.A. 89-311 (now 6.9.8-30g). The record was also returned. The defendant subsequently moved to dismiss on the ground of lack of subject matter jurisdiction.
The defendant argues that the hearing was held as required by G.S. 8-3 (a) since the actual proposal by the plaintiff was to change the zone while an application pursuant to G. S. 8-30g
would require an appropriate zone and a proposal for development, and therefore the appeal from the decision of the zoning commission pursuant to G.S. 8-8 was required to be returnable to the Superior Court "for the judicial district in which the municipality is located," and not to the judicial district of Hartford-New Britain as was the case here under the provisions of G.S. 8-30g.
An affordable housing application is defined in G.S.8-309 (a)(2) as "any application made to a commission in connection with an affordable housing development by a person who proposes to develop such affordable housing." There is no requirement that the application be limited to any zoning regulations of the town. The obvious purpose of the act is to create affordable housing in the various towns of the state where the town is not exempt by the existence of at least ten (10) percent of all available housing units being affordable or the town has initiated a certified program of such development. G.S. 8-30g(f) and (g). To permit a town to avoid zoning for. such development and at the same time require an applicant to petition for a zone change before making an application for affordable housing development would twart the purposes of the legislation. A statute should not be interpreted in any way to twart its purpose and the court will assume the legislature intended to accomplish a reasonable and natural result. Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 667.
Even if the provisions of G.S. 8-8 apply here it is clear that the return to an improper location is not jurisdictional. G.S. 51-351. Statutory venue requirements are not jurisdictional but simply confer a privilege not to be required to attend court at a particular location. Savage v. Aronson,214 Conn. 256, 263. CT Page 8106
For the above reasons, the motion to dismiss is denied.
CORRIGAN, J.